# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10388
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 18, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

DULCE ISIDRA-BLANCAS,

Defendant−Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-140-2

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Dulce Isidra-Blancas was convicted of conspiracy to possess with intent

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10388

to distribute heroin. Emphasizing that a defendant may not be convicted based solely on his own admissions to law enforcement agents, Isidra-Blancas argues that the evidence was otherwise insufficient to establish that she engaged in a drug conspiracy. She stresses that no money or drugs were found on her person, and there was no evidence connecting her to the drug trade. She further asserts that there was insufficient evidence to convict even if her admissions are considered because "she repudiated her statements in her testimony in open court."

Isidra-Blancas moved for a directed verdict, based on insufficient evidence, at the close of the government's case but did not renew the motion at the close of all the evidence. Therefore, the sufficiency of the evidence is reviewed for a manifest miscarriage of justice. *See United States v. Salazar*, 542 F.3d 139, 142 (5th Cir. 2008). We will reverse only if "the record is devoid of evidence of guilt or . . . the evidence is so tenuous that a conviction is shocking." *Id.* at 142 (internal quotation marks and citation omitted).

Although a defendant's mere presence at the scene of illegal activity or close association with a coconspirator is not sufficient alone to support the inference that he participated in the conspiracy, "presence is a significant factor to be considered within the context of the circumstances under which it occurs." *United States v. Medina*, 887 F.2d 528, 531 (5th Cir. 1989). Isidra-Blancas's presence at both transactions involving the confidential source, her knowledge of Christopher Lamas's supplier, her inculpatory statements, and the incriminating pictures on her cell phone, when viewed cumulatively and in a light most favorable to the verdict, sufficiently support the jury's determination that she knew of and participated in the conspiracy to possess with intent to distribute heroin during the timeframe alleged in the indictment. *See United States v. Peters*, 283 F.3d 300, 307 (5th Cir. 2002).

No. 14-10388

Although Isidra-Blancas claims that no evidence of the drug trade was linked to her, a scale containing heroin residue was found on the floorboard of her vehicle. *See United States v. Resio-Trejo*, 45 F.3d 907, 912 (5th Cir. 1995). To the extent that she challenges the credibility of the agents' testimony that her inculpatory statements were not induced by threats of imprisonment, "the weight and credibility of the evidence is within the exclusive province of the jury." *See United States v. Johnson*, 381 F.3d 506, 508 (5th Cir. 2004).

Because the record is not devoid of evidence establishing guilt, the judgment is AFFIRMED. *See Salazar*, 542 F.3d at 142.